## IDA EPSTEIN
*vs.*
## CITY OF BRIDGEPORT

Superior Court     Fairfield County     File No. 60345

MEMORANDUM FILED MARCH 19, 1941.

*Shannon & Wilder*, of Bridgeport, for the Plaintiff.

*Harry Schwartz*, of Bridgeport, for the Defendant.

FOSTER, J. Seaview Avenue in the City of Bridgeport runs north and south. The plaintiff lives on the west side of the street. On February 2, 1940, between 7 and 8 p.m., the

plaintiff left her home, walked directly to the sidewalk on the east side of Seaview Avenue, walked one block north to the corner of Beardsley Street, mailed a letter, from that corner walked directly west to the sidewalk on the west side of Seaview Avenue and then started to walk south on the sidewalk to her home. While so walking she slipped and fell, suffering injuries.

In her complaint the plaintiff alleges that for a long time before she fell the surface of that sidewalk had been covered with snow and ice and was uneven, slippery and defective. In her complaint she alleges that the cause of her fall was the defective condition of the sidewalk. In her notice to the defendant city, which is a part of the complaint, she alleges that the sidewalk was covered with snow and ice. There appears no allegation of its unevenness. Photographs were offered in evidence showing that a part of the sidewalk was broken. The plaintiff testified that she fell because she slipped on snow and ice. In the trial of the case her counsel concedes that no claim of the plaintiff is based on any break in the sidewalk but solely on the condition of snow and ice of long standing. The property adjacent to the sidewalk upon which the plaintiff fell is owned by the Stanley Works, so-called. How long that sidewalk is does not appear in evidence. At just what spot the plaintiff fell does not appear in evidence. The plaintiff claims that she was caused to slip and fall by ice covered with snow. There is no evidence as to the character of the ice or how long it had been on the sidewalk. Ann Basso, a witness offered by the plaintiff, testifies that on the day the plaintiff fell the sun was shining and that on that night the sidewalk was slippery. Rose Sonion, a witness offered by the plaintiff, testifies that on the afternoon of the day the plaintiff fell the sidewalk was icy and that there was snow on the ice. February 2nd fell on a Friday. Witnesses for the plaintiff testify that it snowed on the night of Wednesday, January 31st, not after that day, and that such snow was not removed from the sidewalk before the plaintiff fell. A police officer of the defendant city and a witness who is recognized as an official weather observer within the city testify that it did not snow from January 20th to February 2nd sometime between 8 and 11 a.m., when one-quarter to one-half inch of snow fell. Employees of the Stanley Works testify that they cleared the sidewalk of snow immediately after it stopped snowing during the forenoon of Friday, February

2nd, and that after the sidewalk was so cleaned it was wet but later in the day it was dry. Seaview Avenue is not one of the main streets of the city and the pedestrian traffic on it is not heavy. The city has 420 miles of sidewalk for which it must care.

I find that the defendant had neither actual nor constructive notice of any defect in the sidewalk in question caused by snow and ice.

I find that the plaintiff has failed to prove by a fair preponderance of the evidence that the defendant city failed to use reasonable care to maintain the sidewalk in question in a reasonable state of repair for the reasonable use of pedestrians.

Judgment is rendered in favor of the defendant against the plaintiff.